IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:12-CR-218 |
| Plaintiff, | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| WILLIAM D. TAYLOR, SR., | : | |
| Defendant. | : | |

## ORDER

These matters are before the Court on Defendant's Third Motion for Funds for Forensic Accountant (Doc. 20) and Motion for Substantial Assistance (Doc. 21). For the reasons set forth herein Defendant's Third Motion for Funds for Forensic Accountant **GRANTED** and Defendant's Motion for Substantial Assistance is **GRANTED IN PART** and **DENIED IN PART**

On October 31, 2012, Defendant was indicted in this Court on two Counts of violating 26 U.S.C. §7206 (1), for fraud and false statements Defendant allegedly made to the Internal Revenue Service on his form 1040 Individual Income Tax Return in 2007 and 2008. Defendant was appointed counsel by the Magistrate Judge following the receipt of his CJA 23 Financial Affidavit. The CJA 23 showed Defendant is indigent and unable to pay the costs for his own defense. As this case involves tax fraud, the evidence consists of thousands of pages of financial documents.

The Criminal Justice Act, 18 U.S.C. § 3006A, provides:

Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte

> proceeding, that the services are necessary and that the person is financially unable to obtain them, the court… shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1).

Upon representations from Defendant's counsel that her case requires testimony of a forensic accoutnant and the manifest need for an accounting expert to review thousands of pages of tax documents, the Court concludes that the services of a qualified certified public accountant are necessary to Defendant's defense. Defendant has already provided the Court with a financial affidavit indicating his indigence. The Court, therefore, authorizes counsel to obtain such services on Defendant's behalf.

In order to obtain the services of a certified public accountant, the Court **GRANTS** Defendant's Third Motion for Funds for Forensic Accountant (Doc. 20). On counsel's request and representation, the Court designates **$2,000.00** for Defendant to retain those services.

Defendant also requests the Court permit Defendant's forensic accountant so be seated at counsel table during the trial (Doc. 21). The Government does not oppose that request. Since Defendant is indigent, however, the costs of having his forensic accountant are born by the Court. Defendant does not contest that the forensic accountant's participation is unnecessary for much of the trial. Defendant will require his forensic accountant to hear the accounting-related testimony of the Government's witnesses. Hence, the Court grants Defendant's request for his forensic accountant to appear at counsel table for those Government witnesses whose testimony is germane to that of the forensic accountant. In so far as Defendant requests his forensic accountant appear at counsel table generally throughout the trial, the Court denies his request. Thus, Defendant's Motion for Substantial Assistance is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

                                         **s/ Algenon L. Marbley**
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED: July 1, 2013**